UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 FEB 23 AM 11:37

BY _____
DEPUTY CLERK

| | |
|---|---|
| MARCELLA RYAN and JOHN HERBERT, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SYLVIA MATHEWS BURWELL, Secretary of Health and Human Services, <br><br> Defendant. | Case No. 5:14-cv-00269 |

**OPINION AND ORDER RE:
PLAINTIFFS' MOTION FOR CLARIFICATION**
(Doc. 66)

In a January 13, 2016 Opinion and Order, the court certified a regional class of Medicare beneficiaries who "(a) have received Medicare coverage for home health nursing or therapy services on the basis of a 'favorable final appellate decision' and (b) who have subsequently been denied, or will be denied, coverage for additional services on the basis of not being homebound, on or after January 1, 2010." (Doc. 65 at 14.) The certification also included the requirement that, "[a]bsent a particularized individual basis for tolling, the class is limited to claimants who satisfied 42 U.S.C. § 405(g)'s 60-day filing requirement as of March 5, 2015. The class is closed such that it does not include individuals who filed new claims for Medicare benefits on or after August 3, 2015." (*Id.*)

Plaintiffs have filed a Motion for Clarification of the January 13, 2016 decision, noting that § 405(g) contains both an exhaustion requirement and a 60-day filing requirement, and requesting that the court clarify that the class includes beneficiaries who had not exhausted their

administrative remedies but had a live claim at any stage of administrative review as of March 5, 2015. (Doc. 66.) Plaintiffs accordingly contend that the regional class should be defined as follows:

> All beneficiaries of Medicare Part A or B, in Connecticut, Maine, Massachusetts, New Hampshire, New York, Rhode Island and Vermont (Medicare Administrator Contractor Jurisdiction K) who:
>
> (a) Have received Medicare coverage for home health nursing or therapy services on the basis of a "favorable final appellate decision";
> (b) Have subsequently been denied, or will be denied, coverage for additional services on the basis of not being homebound, on or after January 1, 2010;
> (c) Had a viable appeal of the subsequent denial for coverage of additional home health services as of March 5, 201[5], including a particularized individual basis for tolling of any applicable appeal deadline; and
> (d) For whom the claim for Medicare home health coverage was filed on or before August 2, 2015.

(*Id.* at 3.)

The Secretary concurs that the class definition should include beneficiaries with non-lapsed appeals, and does not object to Plaintiffs' request that the class be clarified to include beneficiaries who have a viable appeal as of March 5, 2015. (*See* Doc. 71 at 2.) The Secretary also proposes two other modifications to Plaintiffs' proposed (clarified) class definition. First, the Secretary asserts that Plaintiffs' proposed paragraph (a) would require the class member to identify *two* prior favorable appellate decisions awarding home health services, while only one such decision is referenced by the manual provision at issue. (*Id.* at 2–3.) The Secretary therefore proposes revising paragraph (a) to read: "Have received a favorable final appellate decision that he or she was 'confined to the home,' *i.e.* homebound, in the appeal of a home health nursing or therapy claim denial." (*Id.* at 3.) Second, the Secretary asserts that proposed paragraph (c) would improperly require the class member to show both a non-lapsed, "viable

2

appeal" *and* a "particularized individual basis for tolling." (*Id.*) The Secretary therefore proposes replacing the word "including" with the phrase "or had." (*Id.*)

The court concurs with all of the parties' proposed clarifications. The clarification adding the "viable appeal" language is uncontested, and conforms the class definition to the court's intent. The Secretary's two additional proposed clarifications are minor, and in fact ensure that the definition is not interpreted as unnecessarily narrow.

## Conclusion

Plaintiffs' Motion for Clarification (Doc. 66) is GRANTED as modified by the Secretary's additional clarifications. The class definition is modified to read as follows:

> All beneficiaries of Medicare Part A or B, in Connecticut, Maine, Massachusetts, New Hampshire, New York, Rhode Island and Vermont (Medicare Administrator Contractor Jurisdiction K):
>
> (a) Who have received a "favorable final appellate decision" that he or she was "confined to home," i.e., homebound, in the appeal of a home health nursing or therapy claim denial;
> (b) Who have subsequently been denied, or will be denied, coverage for additional service on the basis of not being homebound, on or after January 1, 2010;
> (c) Who had a non-lapsed, viable appeal of the subsequent denial for coverage of additional home health services as of March 5, 2015, or had a particularized individual basis for tolling of any applicable appeal deadline; and
> (d) For whom the claim for Medicare home health coverage was filed on or before August 2, 2015.

Dated at Rutland, in the District of Vermont, this 23rd day of February, 2016.

                                                                  Geoffrey W. Crawford, Judge
                                                                  United States District Court